Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiffs*
*Spin Master Ltd. and Spin Master, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER, INC., | **20-cv-6457 (ER)** |
| *Plaintiffs* | |
| v. | **[PROPOSED]** **PRELIMINARY INJUNCTION ORDER** |
| 010, 365SMILE-MALL, ALL, AUMARKET, BEAUTY BEE, BROTHER JEWELRY STORE, CHARMING CABIN, CL-ZJ, CORNUCOPIA_STORE, COSMETICS SUPERMARKET, DRA HLINE, ELUNE, ETERNAL LOVE UNCHANGED, HAPPYBOYQI, HI-TECHSHOPPERS, HOT SHOPPING, HUCHUNLAN123, JIANGDAIHAO, JINHUAFENGXINGTIANXIADIANZISHANGWU GONGSI, JUANYISTORE, JYP654, KECHENGCHUANG STORE, KINGREE, LIXIAO, LLLLLLUO, L'S LUCKY HOME, LUCY888888, M S COMMUNE, MAIQISHOP, MINGYUE666, MISS FANG GROCERY STORE, MOHAMMED, MOZHIJIA, NINJAGIFTS, NIOUWNS, OMUN, PAN2017 STORE, QWMIMI, RUXIURONG, SELECT A GOOD PRODUCT, SHENZHEN MICRONHOBBY TECHNOLOGY CO., LTD, SHENZHENSHIYUEFEIYUEWANGLUOKEJIYOU XIANGONGSI, SMALLJSTORE, TIANYUHUA66050, TINGTINGSOTRE, TOP MALLS, TYM-GZ, WALK THE FASHION, WELL NETWORK CO, WZIG, XIANGRONG7317, | |

XIAORAN SHOPS, YANZAITIANXIA, YIWUNEWDIANPU123, YUHANG E-COMMERCE LIMITED COMPANY, YUNJISTORE, ZEROSPACE_LTD and ZHANGYONGCAI520520,

*Defendants*

**GLOSSARY**

| Term | Definition |
|------|-----------|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master, Inc. |
| **Defendants** | 010, 365smile-mall, all, aumarket, Beauty bee, Brother jewelry store, charming cabin, CL-ZJ, Cornucopia_store, Cosmetics Supermarket, DRA HLINE, Elune, Eternal love unchanged, happyboyqi, Hi-techshoppers, Hot Shopping, huchunlan123, jiangdaihao, jinhuafengxingtianxiadianzishangwugongsi, juanyistore, jyp654, Kechengchuang Store, Kingree, lixiao, LLLLLLuo, L's Lucky Home, lucy888888, M S COMMUNE, maiqishop, mingyue666, Miss Fang grocery store, Mohammed, mozhijia, NinjaGifts, Niouwns, omun, Pan2017 store, qwmimi, ruxiurong, Select a good product, Shenzhen Micronhobby Technology Co., Ltd, shenzhenshiyuefeiyuewangluokejiyouxiangongsi, smallJstore, tianyuhua66050, tingtingsotre, top malls, TYM-GZ, Walk the Fashion, Well Network Co, wzig, xiangrong7317, XiaoRan shopS, yanzaitianxia, yiwunewdianpu123, Yuhang E-commerce Limited Company, yunjistore, ZeroSpace_Ltd and zhangyongcai520520 |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, No. 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint filed on August 14, 2020 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on August 14, 2020 |

| | |
|---|---|
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiffs' Application |
| **Flutterbye Works** | U.S. Copyright Registration Nos: VA 1-899-358 covering the Flutterbye packaging artwork, VA 1-861-460 covering the Flutterbye Flying toy figurine, VA 1-901-312 covering the Flutterbye Flower Fairy toy, 1-913-178 covering the Flutterbye Ocean Fairy toy, VA 1-912-815 covering the Flutterbye Sunbeam Fairy toy, VA 1-900-805 covering the Flutterbye Stardust Fairy toy and VA 1-899-356 covering the Flutterbye Fairy instruction manual |
| **Flutterbye Products** | Hand-held winged toys that are designed to look like fairies.  They are motor-controlled and float above users' palms using electrostatic levitation, and each Flutterbye Fairy includes a decorative base |
| **Infringing Products** | Products bearing or used in connection with the Flutterbye Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Flutterbye Works, and/or bearing or used in connection artwork that is substantially similar to the Flutterbye Works and/or products that are identical or substantially similar to the Flutterbye Products |
| **Infringing Listings** | Defendants' listings for Infringing Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Infringing Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |

WHERAS, Plaintiffs having moved *ex parte* on August 14, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on August 14, 2020 which ordered Defendants to appear on September 8, 2020 at 11:30 a.m. to show cause why a preliminary injunction should not issue;

WHEREAS, on August 28, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application on each and every Defendant.

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. reproducing, copying, preparing derivative works of, publicly displaying and/or distributing, transferring and/or selling copies of Plaintiffs' Flutterbye Works through their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products using the Flutterbye Works

and/or works that are substantially similar to, identical to and constitute an infringement of the Flutterbye Works;

ii.   directly or indirectly infringing in any manner any of Plaintiffs' Flutterbye Works;

iii.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Flutterbye Works, to identify any goods or services not authorized by Plaintiffs;

iv.  using any of Plaintiffs' Flutterbye Works or any other works that are substantially similar to the Flutterbye Works on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products;

v.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Infringing Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products;

vi.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products for the purposes of circumventing or otherwise avoiding the

prohibitions set forth in this Order; and

    vii.  knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vi) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b)  Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii.  secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products; and

    iii.  knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c)  Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

     i.   providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts insofar as they are connected to the Infringing Products;

    ii.   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Infringing Products; and

   iii.   knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2.  As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a)  within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

   a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

   b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.   account numbers;

      ii.  current account balances;

      iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

      iv.  any and all account opening documents and records, including, but not limited to,

account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.  any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi.  any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii.  any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii.  the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

      x.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products using the Flutterbye Works and/or works that are substantially similar to, identical to and constitute an infringement of the Flutterbye Works.

d)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

      i.    any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

      ii.    the identities, location and contact information, including any and all e-mail addresses of Defendants;

      iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with

7

any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

iv.   Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Infringing Products, or any other products using the Flutterbye Works and/or works that are substantially similar to, identical to and constitute an infringement of the Flutterbye Works.

4.   As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses to be determined after having been identified by ContextLogic pursuant to Paragraph V(C) of the TRO.

5.   As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6.   As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

a)   delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where

PayPal will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

a)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, via ContextLogic's DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic's counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

b)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

c)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal@pingpongx.com.

7.  Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8.  The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9.  This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify

the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this _8th_ day of _September_, 2020, at _2:00_ p .m.
New York, New York

_____
HON. EDGARDO RAMOS
UNITED STATES DISTRICT JUDGE

10